UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORLYN DUNCAN and BRUCE DUNCAN,<br><br>Plaintiffs,<br><br>v.<br><br>ALIERA COMPANIES, INC.; TRINITY HEALTHSHARE, INC.; and ONESHARE HEALTH, LLC,<br><br>Defendants. | No. 2:20-cv-00867-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Defendant Aliera Companies, Inc.'s ("Aliera") Motion to Stay. (ECF No. 80.) Plaintiffs Bruce and Corlyn Duncan (collectively, "Plaintiffs") filed an opposition. (ECF No. 85.) Aliera filed a reply. (ECF No. 87.) For the reasons set forth below, the Court GRANTS Aliera's motion.

///

///

///

///

///

///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs were enrolled in a health care plan provided by Aleria and Trinity Healthshare, Inc. ("Trinity") from January 1, 2018 through December 31, 2019. (ECF No. 19 at 1.) Aliera marketed, sold, and administered insurance plans for Oneshare Health, LLC when it was known as Unity Healthshare, LLC ("Unity") and then subsequently acted in a similar capacity for Trinity. (*Id.* at 2.) Plaintiffs allege Aliera, Unity, and Trinity (collectively, "Defendants") sold inherently unfair and deceptive health care plans to California residents and failed to provide the coverage the purchasers believed they would receive. (*Id.* at 3.) More specifically, Plaintiffs allege Aliera exploited an exception under the Affordable Care Act by falsely representing that Unity and Trinity were Health Care Sharing Ministries ("HCSMs"), which allowed Defendants to sell illegal insurance plans that did not comply with the minimum basic requirements for authorized health care plans under state or federal law. (*Id.* at 3–5.)

Plaintiffs filed the operative First Amended Complaint for this purported class action on June 26, 2020. (ECF No. 19). Plaintiffs allege claims for: (1) illegal contract; (2) violation of California's Unfair Competition Law; (3) violation of California's False Advertising Law; (4) breach of fiduciary duty as to Aliera and Trinity; (5) breach of fiduciary duty as to Aliera and Unity; and (6) unjust enrichment against Aliera. (*Id.*)

Several motions to dismiss and/or compel arbitration are currently pending. (ECF Nos. 36, 37, 38, 45, 50.) Prior to the Court ruling on those motions, Trinity filed a notice of bankruptcy on July 9, 2021. (ECF No. 76.) As such, the Court stayed the action as to Plaintiffs' claims against Trinity. (ECF No. 79.) The Court further noted "absent any argument to the contrary, the action may proceed against the other Defendants." (*Id.*) Aliera filed the instant motion to stay the case in its entirety on July 30, 2021. (ECF No. 80.) Unity did not join in the motion but instead consented to a stay. (*Id.* at 2 n.3.)

## II. STANDARD OF LAW

A district court has the "power to stay proceedings" as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936). "A trial court

2

may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). "This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.*

"Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Those competing interests include "[1] possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

### III.   ANALYSIS

Aliera moves to stay this action in its entirety due to Trinity's bankruptcy proceedings. (ECF No. 80 at 2.) Aliera argues the Court should stay the action pursuant to its discretionary powers because: (1) Plaintiffs' claims against Trinity are "inextricably intertwined" with their claims against Aliera; (2) Aliera's right to seek indemnification from Trinity is at issue in Trinity's bankruptcy; (3) Aliera and Trinity would be prejudiced if the case proceeds without Trinity; and (4) the interests of judicial economy weigh in favor of a stay. (*Id.*)

In opposition, Plaintiffs argue the Court should not stay the entire action because: (1) Aliera and Unity are independently liable to Plaintiffs; (2) the Trinity bankruptcy is unlikely to conclude in a reasonable time; (3) prosecution of this matter will not prejudice Aliera; and (4) a stay will not promote judicial economy. (ECF No. 85.)

Another district court recently addressed a nearly identical scenario involving these same Defendants and Trinity's bankruptcy. *See Albina v. Aliera Companies, Inc.*, No. 5:20-CV-496-JMH, 2021 WL 3519460 (E.D. Ky. Aug. 10, 2021). The *Albina* court concluded Plaintiffs' general concerns about delay did not outweigh "the benefit the [p]arties and [c]ourt would receive by the Bankruptcy Court narrowing some of the issues." *Id.* at *2. The court further concluded

"[a]ny prejudice to Plaintiffs would be minimal, and Plaintiffs would not be placed at a tactical disadvantage." *Id.* The court found the potential prejudice to Trinity in denying the stay was much greater, explaining,

> Since Trinity would be unable to participate following this Court's decision and prior to the conclusion of the bankruptcy proceedings, Trinity would be prejudiced by its inability to appeal this Court's decision or otherwise defend itself either in this Court, the Sixth Circuit Court of Appeals, or during arbitration. If Trinity can participate again, depending on this Court's decision, the Parties may be forced to relitigate certain matters that were decided in Trinity's absence or participate in discovery twice.

*Id.* For these reasons, the *Albina* court stayed the action in its entirety pending the termination of the automatic stay imposed by Trinity's bankruptcy. *Id.* at *3.

The Court is persuaded by the well-reasoned *Albina* decision, which considered facts nearly identical to those at issue here. As in *Albina*, the parties seem to agree that Trinity's bankruptcy is proceeding pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code, which "was designed to expedite the bankruptcy process for small business debtors to allow them to reorganize quickly, inexpensively, and efficiently." *Id.* at *2. Although Plaintiffs argue recent developments suggest the bankruptcy may be unable to proceed under the expedited procedures of Subchapter V, Plaintiffs raise the same general concerns about delay that were rejected in *Albina*. (*See* ECF No. 85 at 4–5 ("Delaying this proceeding indefinitely will increase the danger of prejudice to Plaintiffs resulting from loss of evidence, including the inability of witnesses to recall specific facts.")); *Albina*, 2021 WL 3519460, at *2. The Court concludes Plaintiffs' general concerns about delay are insufficient, especially considering the significant prejudice Trinity would suffer in the absence of a stay. *Id.* ("On the other hand . . . a decision limited to Aliera and Unity would decide issues that affect Trinity."). More specifically, Plaintiffs do not dispute that Trinity's HCSM status is a key issue in Plaintiffs' claims against Aliera. An analysis of Trinity's HCSM status and Aliera's role in administering plans for Trinity will arguably mirror an analysis of Unity's HCSM status and Aliera's role in administering plans for Unity. The Court believes Trinity should participate in adjudicating these overlapping issues to prevent inconsistent decisions and wasted effort. Accordingly, judicial economy weighs in favor of a stay.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Aliera's Motion to Stay. (ECF No. 80.) This action is STAYED and is now ADMINISTRATIVELY CLOSED pending the termination of the automatic stay imposed by Defendant Trinity Healthshare, Inc.'s bankruptcy proceedings. The case may be reopened at the request of the parties.

IT IS SO ORDERED.

September 9, 2021

Troy L. Nunley
United States District Judge