UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORYLN DUNCAN and BRUCE DUNCAN,<br><br>    Plaintiff,<br><br> v.<br><br>THE ALIERA COMPANIES, INC., et al.,<br><br>    Defendant. | No. 2:20-cv-00867-TLN-KJN<br><br>**ORDER** |

  Plaintiffs Corlyn Duncan and Bruce Duncan ("Plaintiffs") and Defendant OneShare Health, LLC ("OneShare") have entered into an Agreement (attached as an appendix to Plaintiffs' motion for preliminary approval),[1] which if approved, would resolve this putative class action. Plaintiffs have filed a motion to preliminarily approve the settlement, certify a settlement class and direct notice to the proposed Settlement Class. OneShare has filed a response to Plaintiffs' motion for preliminary approval stating that while it does not join or agree with all of the arguments set forth in the motion, it fully supports approval of the settlement.

  The Court has read and considered the motion, the Agreement, counsel's declarations, the proposed notice package and the proposed distribution plan; has reviewed the relevant briefing

---

[1]  Unless otherwise stated, all capitalized terms have the meaning as defined in the parties' Agreement.

1

and determined that Plaintiffs have provided the Court sufficient information to decide whether the Agreement should be granted preliminary approval; and concludes that it is appropriate to direct notice in a reasonable manner to all class members who would be bound by the proposal, since the parties' showing establishes that the Court will likely be able to (i) approve the proposal under Federal Rule of Civil Procedure 23(e)(2), and (ii) certify the class for purposes of ruling on the proposal.  *See* Fed. R. Civ. P. 23(e)(1)(B).

It is therefore ORDERED that Plaintiffs' Motion for Certification of Settlement Class Preliminary Approval of Class Action Settlement is GRANTED.

The Court finds as follows:

## **Tentative Approval of the Proposed Settlement**

1. The Court has reviewed Plaintiffs' motion, the Agreement, its exhibits, and all arguments made.

2. The parties' Agreement is the product of over three years of litigation in this case, including briefing motions to dismiss and to compel arbitration and navigating various Defendants' bankruptcy proceedings.  It also stems from nearly three years of litigation in *Smith v. Aliera Cos.*, No. 20-CV-2130 (D. Colo.), and *Albina v. Aliera Cos.*, No. 20-CV-496 (E.D. Ky.), each involving substantial motion practice.  The Agreement incorporates the claims against OneShare raised in this case, *Smith*, and *Albina*.

3. Based on its review, the Court finds that the Court will likely be able to approve the proposed settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2).  The Court preliminarily finds that the proposed settlement is in the best interests of the Settlement Class.  The Agreement: (a) results from efforts by representative Plaintiffs and class counsel who adequately represented the Class; (b) was negotiated at arm's length with the assistance of Judge Thomas B. Griffith (D.C. Cir., Ret.); (c) provides relief for the Class that is reasonable and adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Class; (iii) the proposed award of attorneys' fees, costs, and service awards, including timing of payment; and (iv) the strengths and weaknesses of the parties' claims and defenses; and (d) the fact that the Agreement

treats Class members equitably relative to each other. Accordingly, the Court preliminary approves the proposed settlement. Further, release by Plaintiffs and the Settlement Class of the Settlement Class Released Claims is preliminarily approved pending a Final Approval Hearing.

### Certification of the Settlement Class

4. In connection with considering approval of this class settlement, the Court further finds that the following proposed Settlement Class meets the requirements for class certification under Federal Rule of Civil Procedure 23(b)(3):

> All individuals who purchased a plan from both Aliera Healthcare, Inc. and Unity Healthshare LLC at any time on or before August 10, 2018.

The claims to be resolved class-wide for the Settlement Class are the Settlement Class Released Claims, as defined in the Agreement.

The Court appoints the following Plaintiffs identified in the Second Amended Complaint as Class representatives: Corlyn and Bruce Duncan, Rebecca White, Ellen Larson, Jaime and Jared Beard, Hanna Albina and Austin Willard. The Court concludes that each are adequate representatives of the proposed settlement class.

5. In connection with considering approval of this class settlement, the Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) are satisfied for the following reasons: (a) the Settlement Class, which consists of over 60,000 people across the country, appears so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class for purposes of determining whether the settlement should be approved, and those questions of law predominate over any questions affecting any individual class member; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and their counsel are adequate representatives of the Class; and (e) a class action on behalf of the Class is superior to other available means of adjudicating this dispute. The Court also concludes that, because the action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

6. The Court's findings concerning the Rule 23 factors and certification of this settlement class are not preclusive, and by not opposing the entry of this Order, OneShare is not waiving or prejudicing its right to oppose class certification if this settlement does not obtain final approval. All arguments concerning class certification are reserved. Moreover, by entering into the settlement agreement and not opposing preliminary approval of the class settlement, OneShare is not waiving or prejudicing its motion to compel arbitration, which will be addressed and ruled upon by the Court if the class settlement does not obtain final approval.

7. Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints Sirianni Youtz Spoonemore Hamburger, PLLC; Feinberg, Jackson, Worthman and Wasow, LLP; Handley Farah & Anderson, PLLC; Myers & Co., PLLC; Mehri & Skalet, PLLC; Garmer & Prather, PLLC; and Varellas & Varellas PLLC as Class Counsel for the Settlement Class.

**Notice and Settlement Administration**

8. BMC Group Inc. ("BMC") is appointed to serve as the Settlement Administrator and is authorized to receive protected health information and otherwise confidential information, including claims information, from OneShare, Aliera or other third parties in order to effectuate the class notice and claims process, to email and mail the approved Notice to Settlement Class members and further administer the settlement in accordance with the Agreement and this Order. Defendants OneShare and Aliera and/or their affiliates are ordered to provide any HIPAA-protected health information required by BMC to effectuate class notice and the claims process.

9. The Court finds that the provisions for notice to the Settlement Class set forth in the Agreement and its exhibits satisfy the requirements of due process and Federal Rule of Civil Procedure 23 and will provide the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice is reasonably calculated to apprise Settlement Class members of the nature of this litigation; the scope of the Settlement Class, the Settlement Class's claims, issues, or defenses; the terms of the Agreement; the right of Settlement Class members to appear, object to the Agreement, and exclude themselves from the Settlement Class and the process for doing so; the Final Approval Hearing; and the binding effect of a class judgment on the Settlement Class. The Court therefore

approves the proposed methods of providing notice and directs BMC to proceed with providing notice to Settlement Class members, pursuant to the terms of the Agreement and this Order.

10. No later than ten (10) days after the date of this Order, Defendant OneShare shall provide notices and materials required under the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1715(b). OneShare shall submit a declaration confirming its compliance with the CAFA requirements.

11. No later than thirty (30) days after the entry of this Order, and consistent with the Agreement, the parties shall provide to BMC records of class members by which BMC may disseminate notice. No later than sixty (60) days after receipt of the identified records, BMC shall substantially complete its notice including by disseminating notice to all reasonably identifiable Settlement Class members by email, and for those Settlement Class members for whom no email address is available and a physical address is available, by U.S. Mail, and through publication of the dedicated settlement website, including any required processing of changes of address. BMC shall submit a declaration confirming its compliance with the class notice procedures contained in this Order.

12. No later than fourteen (14) days before the hearing on final approval of this settlement, Class Counsel shall file with the Court a report prepared by BMC, regarding the number and dollar value of Claims submitted (both for monthly payments and unpaid medical expenses) and the number and identity of persons who opted out of the Settlement prior to the Opt-Out deadline.

**Opt-Out Requests and Objections**

13. All Settlement Class members who do not opt out and exclude themselves shall be bound by the terms of the Agreement upon entry of the Final Approval Order and Judgment.

14. Settlement Class members who wish to object to the Settlement must submit a written notice of objection to the Court no later than 150 days after the entry of this Order. The objection must (i) clearly identify the case name and number, *Duncan v. The Aliera Companies, Inc.*, No. 2:20-CV-00867-TLN-KJN (E.D. Cal.); and (ii) include the following information:

(a) the objector's name, address, and telephone number, and the same information for the objector's attorney, if applicable;

5

        (b)        the factual and legal grounds for the objection, including adequate evidence (documents and attestations) to establish that the objector is a member of the Settlement Class;

        (c)        if the objector wishes to appear at the Final Approval Hearing, a statement of intent to appear, the name, address, telephone number, and email address of the attorney who will appear (if applicable) a list of witnesses (if applicable) and copies of any evidence the objector plans to present at the hearing (if applicable).

15.     If an objection is submitted to the Court, it must be timely submitted by (i) filing through the Court's Case Management/Electronic Case Files system, (ii) filing in person at any location of the United States District Court for the Eastern District of California, or (iii) mailing to the United States District Court for the Eastern District of California.

16.     These procedures and requirements for objecting are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class member's objection to the settlement, in accordance with the due process rights of all Settlement Class members.

## Final Approval Hearing and Schedule

17.     The Court will hold a hearing on entry of final approval of the settlement, an award of fees and expenses to Class Counsel, and service awards to the Class Representatives at **2:00 p.m., January 11, 2024,** in Courtroom 2, at the Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814. At the final approval hearing, the Court will consider: (a) whether the settlement should be approved as fair, reasonable, and adequate for the Settlement Class, and judgment entered on the terms stated in the settlement; and (b) whether Plaintiffs' application for attorneys' fees and costs should be granted.

18.     Plaintiffs shall move for final settlement approval and approval of attorneys' fees, litigation-expense reimbursements, and class-representative service awards no later than seventy (70) days after the entry of this Order. If Plaintiffs file an omnibus motion seeking both final approval and attorneys' fees, they shall have leave to exceed the page limits set by local rule and this Court's case-management procedures, but their motion shall not exceed 30 pages in length.

No later than one hundred fifteen (115) days after the entry of this Order, Plaintiffs may file reply papers, if any.

19. The Court reserves the right to adjust the date of the final approval hearing and related deadlines. In that event, the revised hearing date or deadlines shall be posted on the settlement website referred to in the Notice, and the parties shall not be required to resend or republish notice to the Settlement Class.

IT IS SO ORDERED.

DATED: June 15, 2023

Troy L. Nunley
United States District Judge