UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORLYN DUNCAN, BRUCE DUNCAN, REBECCA WHITE, f/k/a REBECCA SMITH, ELLEN LARSON; JARED BEARD, JAIME BEARD, HANNA ALBINA, AND AUSTIN WILLARD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE ALIERA COMPANIES, INC., f/k/a ALIERA HEALTHCARE, INC., a Delaware corporation; TRINITY HEALTHSHARE, INC., a Delaware corporation; and ONESHARE HEALTH, LLC, formerly known as UNITY HEALTHSHARE, LLC and as KINGDOM HEALTHSHARE MINISTRIES, LLC, a Virginia limited liability corporation,<br><br>Defendants. | Case No. 2:20-CV-00867-TLN-KJN<br><br>ORDER<br>(1) FINALLY APPROVING SETTLEMENT AGREEMENT;<br>(2) APPROVING DISBURSEMENTS PURSUANT TO THE SETTLEMENT AGREEMENT;<br>(3) APPROVING PAYMENT OF ATTORNEY FEES, LITIGATION COSTS AND CASE CONTRIBUTION AWARDS;<br>(4) ESTABLISHING A LATE CLAIM DEADLINE; AND<br>(5) ORDERING FINAL REPORT |

## I. BACKGROUND

On June 13, 2023, the Court preliminarily approved an agreement of a class-wide settlement of claims against Defendant OneShare Health, LLC. ECF Nos. 111 and 114 (amending the 6/13/23 Order). The Court directed the Claims Processor to issue notice to the Settlement Class. ECF No. 114, ¶¶8–9. Class Notice and Claim Form Materials were emailed and mailed in accordance with the Court's Order and Settlement Agreement on or about August 4 through September 13, 2023. ECF No. 120, ¶4. The Claims Processor updated notice recipients' addresses when the notices were returned and re-mailed the notices to all updated addresses located. *Id.*

Class Counsel also established a settlement webpage within 30 days of the date of this Order that contained the Class Notice, the Claim Form Materials, and key filings in the litigation. ECF No. 117, ¶17. The website includes Plaintiffs' Motion for Attorney Fees, Litigation Costs, and Contribution Award. *See* https://www.symslaw.com/unitysettlement (last visited 12/21/23). Defendant OneShare provided the required notice under the Class Action Fairness Act ("CAFA"). ECF No. 112.

The Order also provided that class members who wished to comment on or object to the proposed Agreement were required to do so by November 12, 2023. ECF No. 114, ¶14. Class members were informed of their rights and of this deadline in the notices that were mailed to them and on Class Counsel's website.

The Order further scheduled a final settlement hearing, which was held on January 11, 2024, at 1:30 p.m. PT, to consider objections and comments by class members and to determine whether the proposed Agreement is fair, reasonable, adequate, and should be approved by the Court. *Id.,* ¶20.

## II. FINDINGS AND CONCLUSIONS RELATED TO MOTION FOR FINAL APPROVAL OF SETTLEMENT

1.  The parties reached a Settlement Agreement resolving claims brought in three nearly identical class action lawsuits brought against OneShare Health LLC ("OneShare"), formerly known as Unity Healthshare, LLC ("Unity"), on behalf of former members of both Unity

and The Aliera Companies, Inc. ("Aliera"). *See Rebecca Smith, et al. v. The Aliera Companies, et al.,* No. 1:20-cv-02130-RBJ, in the United States District Court for the District of Colorado (the "Colorado Lawsuit"), and *Hanna Albina, et al. v. The Aliera Companies, Inc., et al.,* Case No. 5:20-CV-00496-DCR, in the United States District Court for the Eastern District Kentucky (the "Kentucky Lawsuit"), in addition to this case.

2.     Aliera is in bankruptcy, and its plan of liquidation was recently confirmed. ECF No. 117, ¶8. Recovery for Unity members from Aliera will occur pursuant to the Aliera Plan of Liquidation. *Id.*

3.     The parties negotiated a nationwide Settlement Agreement to resolve all claims of Unity members against OneShare that will ensure some financial relief to class members who submit a claim. Specifically, the settlement requires:

- OneShare to make an initial payment of $3 million into a Settlement Trust Account;
- OneShare to pay another $3-$7 million to the Trust Account over time according to a detailed payment plan in the Settlement Agreement;
- Assignment of OneShare's $3.75 million claim in the Aliera Bankruptcy to the Class;
- OneShare must cooperate with the Class and the Aliera Liquidating Trust to obtain further compensation for class members; and
- Class members are entitled to an opportunity to correct their claim and participate in an arbitration process in the event of a dispute over whether a claim should be paid and/or the amount of such payment.

Plaintiffs provided a full description of the lengthy history of the case and settlement in their Motion for Certification of Settlement Class and Preliminary Approval of Settlement. ECF No. 100-1.

4.     As of December 19, 2023, OneShare has paid a total of $3,366,666.63 into the Settlement Fund that is held in a Settlement Trust Account, pursuant to the Settlement Agreement. Together with accrued interest, the amount of the Settlement Fund, as of December 19, 2023, is

$3,446,569.66. The Court finds that the Settlement Fund is sufficient to make an Initial Distribution and to pay costs and expenses before all sums under the Settlement Agreement are received, and that Subsequent Distribution(s) may be made after the remaining sums due under the Settlement Agreement are received.

5. The Court's Preliminary Approval Order appointed BMC Group Inc. ("BMC") as Claims Administrator and directed the parties to work with BMC to email and mail the approved Class Notice package to Settlement Class Members. ECF No. 114. The parties worked with BMC and Aliera's bankruptcy counsel to locate what is believed to be a list of former Unity/Aliera enrollees.

6. On August 4, 2023, BMC emailed the court-approved Class Notice package to the list provided by Aliera's bankruptcy counsel. ECF No. 120, ¶¶2–4. BMC has also mailed the Class Notice package to any class members for whom it does not have a valid, working email, when a mailing address can be located. *Id*.

7. Defendant timely provided notices and materials required under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715(b). ECF No. 112.

8. No class members objected to the Settlement Agreement. Hamburger Decl., ¶2. Only one class member opted out of the Settlement Agreement. *Id.* No comments or concerns were received from any of the state attorneys' general offices. *Id.*

9. Class Counsel and BMC received hundreds of calls and emails inquiring about the settlement and the claims process. *Id.,* ¶¶3–4. All were positive about the settlement, although many contacts were related to the submission of late claims. *Id*.

10. A total of 1,795 claims were received by the Claims Administrator by November 13, 2023 (the deadline of November 12, 2023, fell on a Sunday, so the Claims Administrator properly accepted claims on November 13, 2023, as timely). The total value of these claims, before they are adjudicated by the Claims Administrator, is approximately $19.4 million. Based upon the initial review of these claims, a significant portion of the claims fall outside of the

Class Period and are thus ineligible for compensation. *Id.* Eliminating the claims outside of the Class Period, the total value of the claims (without further adjudication) is $10,615,481.49.

11. A total of 209 additional claims were received by the Claims Administrator after November 13, 2023, through December 13, 2023 (30 days after the original deadline) ("Late Claims"). The total value of these Late Claims before they are adjudicated by the Claims Processor is approximately $2.38 million. Eliminating claims outside the Class Period, the total value of all claims, including the Late Claims, is $11,677,303.46. Based upon the claims received, no claims will be paid in their valid and approved amounts, and all claims will be paid on a *pro rata* basis.

12. Class Counsel and BMC represent that any partial or full denial of claims will include information on how the claimant may submit additional information and the right to arbitrate any dispute over the payment of claims. Feil Decl., ¶8.

13. Rule 23(e) provides that "a class action shall not be dismissed or compromised without the approval of the court…." Compromise and arbitration of complex litigation is encouraged and favored by public policy. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999).

14. A presumption of fairness and adequacy attaches to a class action settlement reached in arm's-length negotiations by experienced class counsel after meaningful discovery. *See, e.g., Officers for Justice v. Civil Service Com.,* 688 F.2d 615, 625 (9th Cir. 1982); *Pickett v. Holland Am. Line-Westours, Inc.*, 145 Wn.2d 178, 209, 35 P.3d 351 (2001).

15. The following factors are generally considered when determining whether a settlement is fair, adequate, and reasonable: the likelihood of success by plaintiff; the amount of discovery or evidence; the settlement terms and conditions; recommendation and experience of counsel; future expense and likely duration of litigation; recommendation of neutral parties, if any; number of objectors and nature of objections; and the presence of good faith and absence of collusion. *Officers for Justice,* 688 F.2d at 625.

16. Based upon these factors, the Court finds that the Agreement is fair, reasonable, and in the best interests of the class. The requirements of Fed. R. Civ. P. 23 have been satisfied.

With the representations by Class Counsel and BMC that claimants whose claims are not approved in full will have the opportunity to (a) submit additional information and (b) participate in arbitration, due process is also satisfied.

17. Specifically, the Court concludes that the Agreement was the result of arm's-length bargaining. It was reached after sufficient discovery and other litigation activity, and after mediation with Judge Thomas B. Griffith (D.C. Cir., Ret.). Although the Plaintiffs believed that their claims had a strong likelihood of success, they faced years of appeals related to the validity of the arbitration claims in the Unity/Aliera guide before the merits of the dispute could be reached. The litigation likely involved complex questions of federal and state insurance regulation, consumer protection law, damages calculations, and class certification issues. Given the bankruptcy of Aliera, there was a significant risk that even if Plaintiffs were successful on the merits, they might be unable to collect against OneShare. The Court finds that there is no evidence of collusion between the parties, and the Agreement was reached in good faith.

18. The class was provided with adequate notice, and due process has been satisfied in connection with the distribution of the Class Notice. No objections to the proposed Agreement were received by the Court or any of the parties.

### III. FINDINGS AND CONCLUSIONS RELATED TO PLAINTIFFS' MOTION FOR ATTORNEY FEES, LITIGATION COSTS, AND CASE CONTRIBTUION AWARDS

19. Plaintiffs moved for payment of attorney fees, litigation costs, and case contribution awards on August 24, 2023, in compliance with the schedule the Court specified in its Order granting preliminary approval. ECF No. 116. No objection to this motion has been filed.

20. Where a class action settlement creates a common fund, as has been created here, the Court has discretion to choose either the percentage-of-the-fund or lodestar method in calculating the fee award. *Vizcaino v. Microsoft Corp.,* 290 F. 3d 1043, 1047 (9th Cir. 2002). Typically, however, courts apply the percentage-of-the-fund method where the settlement involves a common fund. *Kinney v. Nat'l Express Transit Servs. Corp.,* Case Nol 2:14-cv-01615-TLN-DB,

2018 U.S. Dist. LEXIS 10808, *11 (E.D. Cal. Jan. 22, 2018). The Court adopts the percentage-of-the-fund method here.

21.   The Court concludes that 28% is a reasonable percentage for payment of attorney fees in this settlement. In so concluding, the Court has considered the following facts:

(a)   Class Counsel obtained an excellent result through this settlement. *See In re Activision Sec. Litig.,* 723 F. Supp. 1373, 1377–78 (N.D. Cal. 1989) ("nearly all common fund awards range around 30%"). The settlement results in a substantial monetary benefit for the Class by creating a fund of a minimum of $6 million over time. The Settlement Fund currently has over $3.4 million and is sufficient for an Initial Distribution to class members. OneShare is obligated to pay an additional $2.6 million into that Settlement Fund if paid in full by December 31, 2024, but that amount will increase over time, incentivizing it to pay promptly. The settlement also requires assignment of a $3.75 million proof of claim in the Aliera bankruptcy with an estimated value of between $562,500 and $1,312,500. Hamburger Decl., ¶7.

(b)   Class Counsel undertook a significant risk in taking on these class action lawsuits on a contingent basis, and paid costs and expenses for which they would not be entitled to reimbursement absent a recovery. The claims that Defendants were selling illegal insurance struck at the heart of Defendants' business model, and Class Counsel expected Defendants to mount a vigorous defense to those claims. There was also a substantial risk that litigation could leave Defendants without the means to pay a judgment, and indeed, two of the Defendants are in bankruptcy.

(c)   This case is complex and required a great deal of skill in achieving the settlement, including the navigation of different states' insurance laws, arbitration, a variety of plans, and the bankruptcy of two of the Defendants, including the bankruptcy of Aliera, which possessed the relevant member data.

(d)   The settlement generates benefits beyond the cash settlement through OneShare's cooperation agreement with respect to the Aleira bankruptcy.

(e) Class Counsel has taken special efforts to assist class members who have large unpaid medical bills.

22. The Court also finds that 28% is reasonable after performing a lodestar cross-check. The total common Settlement Fund that will be created, assuming OneShare's early payment of $6 million and an estimated payment of 15% of OneShare's $3.75 claim in the Aliera bankruptcy, will be $6,562,500, and applying 28% to that amount, the total attorney fees will be $1,837,500. Class Counsel have provided declarations outlining their hours spent in connection with the three class action lawsuits settled here, and their respective hourly rates. The total lodestar is $2,130,428.04. The Court finds this reasonable for the extensive work performed to achieve the settlement here, and considering additional work not included in the lodestar that will be required in order to finalize the settlement. That number represents a negative multiplier from the 28% award. Even if the hourly rates were reduced by 20% so that the lodestar would be reduced to $1,704,342.43, the multiplier would be only 1.07, well within reason.

23. Class Counsel are entitled to 28% of the Settlement Fund under the terms of the Settlement Agreement, subject to Court approval. That approval is granted, and the Court awards 28% of the total Settlement Fund paid as attorney fees to Class Counsel.

24. Class Counsel have paid costs of $61,521.42 out of pocket. The Court has reviewed the costs and finds them reasonable.

25. The Settlement Agreement provides that upon the occurrence of the conditions set forth in Section 2 of that Agreement, Named Plaintiffs Corlyn and Bruce Duncan, Rebecca White, Ellen Larson, Jaime and Jared Beard, Hanna Albina, and Austin Willard shall be awarded $10,000 each as described in the Settlement Agreement, subject to the Court's approval. ECF No. 110-2, §13.2. That approval is granted, and the Claims Administrator is ordered to pay the approved case contribution awards to the Named Plaintiffs as required by the Settlement Agreement.

26. The Settlement Agreement provides that upon the occurrence of the conditions set forth in Section 2 of the Settlement Agreement, the Claims Administrator is authorized to pay the approved attorney fees and litigation costs to Class Counsel, subject to Court approval. ECF

No. 100-2, §13.1. That approval is granted. Specifically, the Claims Administrator shall pay Class Counsel's approved litigation costs with the Initial Disbursement of funds from the Settlement Fund. Additionally, the Claims Processor shall pay Class Counsel on *pro rata* basis whenever distributions are made to class members (*i.e.*, if the Claims Processor has $3 million to distribute, 28%, or $840,000, shall be distributed to Class Counsel as attorney fees). Whenever additional distributions are made to Claimants, the Claims Administrator shall distribute 28% of the gross distributions to Class Counsel. The Claims Administrator shall ensure that the total payment of attorney fees to Class Counsel equals 28% of the total Settlement Fund.

### IV.  APPROVAL OF DISBURSEMENTS AND PAYMENTS TO CLASS MEMBERS

27. To facilitate payments from the Settlement Fund, Class Counsel is authorized to delegate authority to the Claims Administrator to make all necessary distributions from the Settlement Fund required pursuant to this Order and/or the Settlement Agreement.

28. Upon the occurrence of the conditions set forth in Section 2 of the Settlement Agreement, the Court authorizes the payment of valid and approved class member claims. The Court authorizes the disbursement of these funds from the Settlement Fund and authorizes the Claims Administrator, in consultation with Class Counsel, to make disbursements on a *pro rata* basis in whole or in part until all of the funds are distributed, consistent with the terms of the Settlement Agreement.

29. Claimants must negotiate their checks within 90 days of issuance. The Claims Processor may extend this deadline on request from a class member and issue replacement checks for lost checks without further approval of the Court or additional cost to the claimant, provided the cost of replacing the check does not exceed the value of the lost check.

### V.  CLASS NOTICE AND CLAIMS ADMINISTRATION COSTS

30. The Claims Administrator is authorized to reimburse itself for the cost of Class Notice and claims administration through December 15, 2023, totaling $20,070.

31. The Claims Administrator may reimburse itself for the cost of claims administration, taxes, etc. incurred after December 15, 2023, after notifying Class Counsel regarding such payments at least 14 days in advance.

## VI. AUTHORIZATION OF LATE-FILED CLAIMS

32. The Claims Administrator reports that 209 claims were filed within 30 days of the deadline for submitting claims ("Late Claims"). The estimated amount of the Late Claims is $1,061,821.97. Adjudication and payment of Late Claims may result in a slight reduction of the *pro rata* payments to other class members. Specifically, Class Counsel anticipates that the reduction will be approximately 4%. The Court concludes that this reduction does not unduly prejudice the class members who timely filed their claims. Courts have equitable authority to permit the inclusion of Late Filed claims. *Cf. Silber v. Mabon,* 18 F.3d 1449, 1454 (9th Cir. 1993).

33. The Court orders the Claims Administrator to accept all Late Claims filed through December 13, 2023. The Claims Administrator is ordered to adjudicate and pay those claims as if they were timely filed.

## VII. CLASS COUNSEL'S FINAL REPORT AND DISMISSAL

34. Class Counsel shall submit a final report to the Court regarding claims processing and disbursement of funds from the Settlement Fund by no later than 30 days after the Settlement Fund is fully funded and the Claims Administrator has processed and paid all valid and approved claims, including any Late Claims authorized for payment by the Court, and any claims allowed as a result of the arbitration process. The report shall detail the payment of court-awarded attorney fees and litigation costs, case contribution awards, payment of claims, as well as any other activities necessary to close the Settlement Fund. At the same time, Class Counsel shall file a proposed Order of Dismissal.

## VIII. ORDER

It is hereby ORDERED that:

1. The Court GRANTS Plaintiffs' Motion for Final Approval (ECF No. 115) and Motion for Attorneys' Fees (ECF No. 116).

2. The Settlement Agreement is approved as fair, reasonable, and adequate under Fed. R. Civ. P. 23, and its terms shall bind all class members.

3. Class Counsel are awarded attorney fees of 28% of the Settlement Fund and litigation costs of $61,521.42, as set forth above. These amounts are ordered to be paid by the Claims Administrator from the Settlement Fund.

4. The Claims Administrator is ordered to accept, adjudicate, and pay all late-filed claims and emailed claims received by December 13, 2023, as if the claims were timely received.

5. The Claims Administrator is ordered to make payments and distribute checks to class members and the Named Plaintiffs in accordance with the Agreement and this Order, as approved by the Claims Administrator or on appeal by the Arbitrator, in whole or in part based upon the distributions to be made. These amounts are authorized to be paid from the Settlement Fund.

6. Case contribution awards of $10,000 each to Named Plaintiffs Corlyn and Bruce Duncan, Rebecca White, Ellen Larson, Jaime and Jared Beard, Hanna Albina, and Austin Willard shall be awarded as described in the Settlement Agreement.

7. Class Counsel is ordered to submit a Final Report in accordance with the Agreement and this Order.

8. The Court shall retain jurisdiction over this matter until the Settlement Amount is fully disbursed and an Order of Dismissal is entered.

IT IS SO ORDERED.

DATED: January 12, 2024

Troy L. Nunley
United States District Judge